UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:16cv-1338-ORL-40DAB

JUDI BROWN,

    Plaintiff,

v.

NATIONAL AUTO DIVISION, L.L.C.,      DEMAND FOR JURY TRIAL

    Defendant.

_____/

## COMPLAINT

Plaintiff Judi Brown ("Plaintiff") files this Complaint against Defendant National Auto Division, L.L.C., ("Defendant" or "NAD") and alleges as follows:

### NATURE OF ACTION

1. Defendant violated the Telephone Consumer Protection Act by placing phone calls, using an automatic telephone dialing system to the cellular phone of Plaintiff, without the express consent of Plaintiff.

2. Plaintiff alleges a violation of her fundamental rights under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, 47 U.S.C. §227.

4. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012).

5. Venue in this District is proper because Plaintiff resides here, Defendant transacts business in this District, and Defendant placed telephone calls to Plaintiff.

## PARTIES

6.      Plaintiff Judi Brown is a natural person and citizen of the State of Florida, a resident of Orange County, Florida. Mrs. Brown is the subscriber for the cell phone number at issue in this case.

7.      Defendant NAD is a New Jersey corporation with its principal place of business at 2323 Highway 9 North, Howell, NJ 07731. Defendant's registered agent for service of process in Florida is United Corporation Services, Inc., 9200 South Dadeland Boulevard, Suite 508, Miami, Florida 33156.

8.      Defendant claims to be a leader in vehicle service contracts, providing the highest level of comprehensive coverage at the lowest price.[1]

## FACTUAL ALLEGATIONS

9.      On December 20, 1991, Congress enacted the TCPA to govern and restrict telemarketing activities conducted via phone and facsimile. Congress passed the Act based, in part, on the following findings:

(a)     The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.

(b)     Over 30,000 businesses actively telemarket goods and services to business and residential customers.

(c)     More than 300,000 solicitors call more than 18,000,000 Americans every day.

(d)     Total United States sales generated through telemarketing amounted to $435,000,000,000 in 1990, a more than four-fold increase since 1984.

(e)     Unrestricted telemarketing, however, can be an intrusive invasion of privacy and, when an emergency or medical assistance telephone line is seized, a risk to public safety.

---

1 *See* http://www.nationalautodivision.com/About-Us/About-Us/.

(f) Many consumers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers.

(g) The U.S. Constitution does not prohibit restrictions on commercial telemarketing solicitations.

(h) Individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices.

(i) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

(j) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.

(k) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

(l) Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce.

Section 2 of Pub. L. 102-243 (Congressional Statement of Findings).

10. As explained by The United States Supreme Court:

"Unrestricted telemarketing," Congress determined, "can be an intrusive invasion of privacy." TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings) (internal quotation marks omitted). In particular, Congress reported, "[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *Ibid.* (internal quotation marks omitted). "[A]utomated or prerecorded telephone calls" made to private residences, Congress found, were rightly regarded by recipients as "an invasion of privacy."

*Mims v. Arrow Financial Services, LLC*, 132 Sup. Ct. 740, 745 (2012)(citations omitted).

11. The TCPA regulates, among other things, the use of automatic telephone dialing systems, which is sometimes called an automated dialer.

12. "Automatic telephone dialing system" and "automated dialer" means, *inter alia*, any equipment that has the "capacity" to dial numbers without human intervention.

13. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of automatic telephone dialing systems to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

14. On or about January, 2016, Defendant utilized an automated dialer to initiate a phone call to Plaintiff's cellular phone. Plaintiff is the sole user of the cell phone.

15. Plaintiff lives in Orange County, Florida, and was in Orange Country when she received Defendant's telephone call.

16. Plaintiff is not and was not a party to any contract or other relationship with Defendant.

17. When Plaintiff answered the call from Defendant, Plaintiff was met with a long pause, after which she said hello. Eventually a human voice appeared, introduced himself, and told Plaintiff that he was calling on behalf of NAD, the Defendant. This pause is the usual and customary action of an automated telephone dialing system.

18. The purpose of Defendant's call was to solicit Plaintiff to procure a vehicle service warranty with or through Defendant.

19. Defendant's telephone calls placed using an automated dialer to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20. Plaintiff has never done business with Defendant in the past, never gave Defendant her cell phone number and never gave express consent to use an automatic telephone dialing system to call Plaintiff's cellular phone.

21. Defendant's initiation of this phone call to Plaintiff, using an automatic telephone dialing system, is a per se violation of the TCPA.

22. Immediately after calls began, Plaintiff plainly and unequivocally told Defendant NAD to stop calling her cellular phone.

23. Despite Plaintiff's request for Defendant NAD to stop harassing her with cellular phone calls, Defendant NAD continued to initiate calls to Plaintiff's cellular phone using an automatic dialer.

24. Among other dates, and by way of example only, Defendant NAD used an automatic dialer to call Plaintiff's cell phone three times on May 18, 2016, on May 19, 2016, twice on May 20, 2016, three times on May 24, 2016, twice on May 25, 2016, twice on June 3, 2016, twice on June 7, 2016, on June 20, 2016, six times on June 21, 2016, twelve times on June 24, 2016, and as recent as July 1, 2015.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats the allegations set forth in paragraphs 1 through 24 above as if fully restated herein.

26. Defendant, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

27. Defendant knowingly and intentionally violated the TCPA by placing phone calls to Plaintiff's cellular phone using an automatic telephone dialing system after being instructed to stop.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. A declaration that Defendant's calls violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

d. Such other or further relief as the Court deems proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

**WITES & KAPETAN, P.A.**
Attorneys for Plaintiff
4400 North Federal Highway
Lighthouse Point, FL 33064
954-570-8989/954-354-0205 (fax)
By: **/s/ Marc A. Wites**
MARC A. WITES
Fla. Bar No.: 24783
mwites@wklawyers.com